■ BOND BEEBE, P.C., Respondent, v JOSEPH E. MANFRé et al., Appellants. [765 NYS2d 869] —Order, Supreme Court, New York County (Helen Freedman, J.), entered April 15, 2003, which denied defendants' motion for summary judgment dismissing the complaint and for partial summary judgment on their counterclaim, unanimously affirmed, with costs.

The motion court properly denied defendants' motion to dismiss plaintiff's claim seeking to enforce a no-solicitation agreement made with defendant Manfré so as to prevent Manfré from soliciting clients transferred by plaintiff to another accounting firm. Although defendants maintain that plaintiff has no cognizable interest in preventing Manfré from soliciting former clients, plaintiff, notwithstanding the client transfer, retains a 20% interest in business associated with the transferred clients and thus has a legitimate interest to protect through enforcement of the no-solicitation agreement.

Also properly denied was that branch of defendants' motion seeking partial summary judgment on their counterclaim, since defendants based their claim of entitlement to prevail upon the counterclaim substantially upon the premise, properly rejected by the motion court, that plaintiff's action was not viable. We note as well that while defendants, in the counterclaim, seek a lump sum payment for certain payouts allegedly due to defendant Manfré after his employment with plaintiff ceased, it is uncontested that these payouts were to be made in installments, and defendants have not specified what installments are overdue and unpaid. Nor have they provided any basis for their demand that the payments be accelerated. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.